UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
Case No.: _____

JUSELLE FIRMIN,  )
)
        Plaintiff,  )
)
v.  )
)
ORLANDO HEALTH, INC. d/b/a  )
Orlando Health Center for Rehabilitation,  )
)
        Defendant.  )
_____ )

## COMPLAINT

Plaintiff, JUSELLE FIRMIN ("Firmin" or "Plaintiff"), sues the Defendant, ORLANDO HEALTH, INC. d/b/a Orlando Health Center for Rehabilitation ("Orlando Health" or "Defendant") and alleges as follows:

## NATURE OF ACTION

1.    This action involves the application of the Florida Civil Rights Act of 1992, Fla. Stat. § 760 *et seq*. ("FCRA"); the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq*. ("ADA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e *et seq*. ("Title VII"); the Pregnancy Discrimination Act; and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## PARTIES

2.    At all times material, Firmin was a resident of Orange County, Florida.

3.     At all times material, Orlando Health is a corporation authorized to conduct business in the State of Florida, in Orange County, and is within the jurisdiction of this Court.

4.     At all times material, Orlando Health was a Florida corporation having its main place of business in Orange County, Florida. Orlando Health is, and at all times relevant was, a nursing home and its business activity affected interstate commerce.

5.     At all times material, Plaintiff was an "aggrieved person" as defined by the FCRA and Fla. Stat. § 760.02(10) and an "employee" as defined by the ADA. Plaintiff specifically incorporates the definitions of "aggrieved person" and "employee."

6.     At all times material, Plaintiff was an "eligible employee" as defined by the FMLA 29 U.S.C.§ 2611(2). Namely, Plaintiff was employed by Defendant for at least twelve months, and worked at least 1,250 hours during the previous twelve-month period.

7.     At all times material, Defendant was a "person" and an "employer" as defined by the FCRA, Fla. Stat. § 760.02(7); and 42 U.S.C.A. § 2000e. Plaintiff specifically incorporates the definitions of "person" and "employer."

8.     At all times material, Defendant was an "employer" as that terms is defined by 29 U.S.C.§ 2611(4). Namely, Defendant was engaged in commerce or in an industry or activity affecting commerce, was a private sector employer, and employed 50 or more employees within seventy-five miles of Plaintiff's worksite

for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

9.     Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

10.     All conditions precedent to this action have been fulfilled, to wit, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") and the EEOC issued Plaintiff a right to sue notice on or about March 29, 2021.

## JURISDICTION AND VENUE

11.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

12.     Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district, Defendant resides in this judicial district, and the employment records of Plaintiff are stored or have been administered in this judicial district.

## GENERAL ALLEGATIONS

13.     Firmin began working for the Defendant as a Certified Nursing Assistant (CNA) on or about November 9, 2018.

14.     In or about December of 2019, Firmin discovered that she had a high-risk pregnancy.

15.     As soon as Firmin received medical documentation from her doctors, which indicated that her pregnancy was high risk, that she was at risk of suffering from a severe medical condition, and instructing her not to lift heavy items, she immediately provided the medical documentation to the Defendant. Firmin requested Defendant accommodate her medically assigned restriction not to lift heavy items.

16.     Firmin also sent her FMLA paperwork to her supervisor/unit manager, Brittany Flynn ("Flynn"), and Human Resources manager, Celini (ULN) ("Celini"), and requested leave, starting in or about August of 2020, to give birth and provide care for her newborn child.

17.     Firmin's request for leave was approved.

18.     Firmin gave proper notice to the Defendant when she provided medical documentation and requests for leave to Flynn and Celini.

19.     As a result of Firmin's high risk pregnancy, which put her life in danger and placed her at risk of suffering from severe medical conditions, Firmin began having symptoms of dizziness, blindness, high blood sugar, and she was also anemic.

20.     In or about January of 2020, shortly after Firmin advised Defendant of her high risk pregnancy, need to take leave, and medical restrictions, Defendant changed Firmin's job duties. Namely, Defendant reassigned Firmin to work on Floor 400, which is the hardest floor in the building because it requires tremendous physical work, heavy lifting, and extreme endurance.

21.     Pursuant to her medically advised restrictions, Firmin requested not to work on Floor 400 because it required tremendous physical work, heavy lifting, and extreme endurance.

22.     Firmin previously lost a pregnancy as a result of working on Floor 400, and therefore, from experience, she was aware that the physical requirements to successfully work on Floor 400 was too much for her fragile health.

23.     Prior to Firmin advising Defendant of her high risk pregnancy, need to take leave, and medical restrictions, Firmin was assigned to work on Floor 300.

24.     Similarly situated individuals, such as Kim (ULN), who were not pregnant or disabled, were granted requests for reassignment off of Floor 400, due to the overwhelming physical demands of Floor 400.

25.     Fully aware that the physical duties of Floor 400 was too much for Plaintiff's health, Defendant denied Firmin's request to not work on Floor 400.

26.     Unfortunately, one day while working on Floor 400, Firmin had to call her husband to pick her up because she was light headed and temporarily blind as a result of her compromised health.

27.     Thereafter, Firmin objected to Defendant about working on Floor 400 for a second time, but Firmin's supervisor again refused to grant her request for accommodation.

28.     Firmin's last day of work was on August 7, 2020, and she gave birth on August 11, 2020.

29.     On or about November 2, 2020, Firmin returned to work from maternity leave.

30.     When Plaintiff returned to work in November 2020, she was assigned to work on Floor 400.

31.     Plaintiff requested to be reassigned to a different floor, but continued to perform her job.

32.     Despite complying with Defendant's directives and assignments, on or about November 16, 2020, Defendant terminated Firmin's employment, allegedly because, prior to taking leave, she was unable to finish her shift on the date she was light-headed and temporarily blind.

## COUNT I: VIOLATION OF THE ADA – DISCRIMINATION BASED ON DISABILITY (DISPARATE TREATMENT)

33.     Firmin repeats and re-alleges paragraphs 1-32 as if fully stated herein.

34.     Plaintiff's high-risk pregnancy and related symptoms qualify as a disability, or as a perceived as a disability.

35.     At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

36.     At all times material, Plaintiff was qualified to perform the essential functions of her job.

37.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by,

*inter alia*, forcing Plaintiff to work on Floor 400 and subsequently terminating Plaintiff's employment.

38.    Similarly situated employees who were not disabled were not forced to work on Floor 400, nor were they subsequently terminated.

39.    Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are disabled.

40.    Plaintiff was discriminated against because of her disability, and/or Defendant's perception of such disability, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

41.    As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

42.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of the Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this honorable court:

a.   Declare that the acts complained of herein are in violation of the ADA;

b.   Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

c.  Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

d.  Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

e.  Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

f.  Award Plaintiff prejudgment interest on her damages award;

g.  Award Plaintiff reasonable costs and attorney's fees; and

h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT II: VIOLATION OF THE ADA – DISCRIMINATION BASED ON DISABILITY (FAILURE TO ACCOMODATE)**

43.  Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

44.  Plaintiff's high-risk pregnancy and related symptoms qualify as a disability, or as a perceived as a disability.

45.  At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

46.  At all times material, Plaintiff was qualified to perform the essential functions of her job.

47.  Plaintiff engaged in a protected activity when she requested an accommodation from Defendant.

48.  The accommodation requested by Plaintiff was reasonable.

49.     Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by failing to accommodate Plaintiff.

50.     Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the ADA.

51.     Plaintiff was not accommodated because of her disability, and/or Defendant's perception of such disability, in violation of the ADA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

52.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

53.     Furthermore, as a direct and proximate result of the actions of Defendant's, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

54.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff requests that this honorable court:

    i.  Declare that the acts complained of herein are in violation of the ADA;

j.   Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

k.   Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

l.   Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

m.   Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

n.   Award Plaintiff prejudgment interest on her damages award;

o.   Award Plaintiff reasonable costs and attorney's fees; and

p.   Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT III: VIOLATION OF THE ADA – <u>RETALIATION BASED ON DISABILITY</u>

55.   Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

56.   Plaintiff's high-risk pregnancy and related symptoms qualify as a disability, or as a perceived as a disability.

57.   At all times material, Defendant was aware of Plaintiff's disability, or perceived disability.

58.   At all times material, Plaintiff was qualified to perform the essential functions of her job.

59.   Plaintiff engaged in a protected activity when she objected to being reassigned to Floor 400 and requested an accommodation.

60.    In response, Plaintiff was retaliated against for objecting to being reassigned to Floor 400 and requesting an accommodation

61.    Defendant's discriminatory actions were motivated by an intent to retaliate against Plaintiff for her protected activity.

62.    Defendant willfully violated the ADA or acted with reckless disregard for whether its actions were prohibited.

63.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

64.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff requests that this honorable court:

a. Declare that the acts complained of herein are in violation of the ADA;

b. Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

c. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

d. Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

e. Award Plaintiff back pay, punitive damages, interest, front pay (or reinstatement), and any other damages allowed under the ADA;

    f.  Award Plaintiff prejudgment interest on her damages award;

    g.  Award Plaintiff reasonable costs and attorney's fees; and

    h.  Grant Plaintiff such other and further relief, as this Court deems equitable and just.

### COUNT IV: VIOLATION OF THE FCRA – DISCRIMINATION BASED ON HANDICAP (DISPARATE TREATMENT)

65.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

66.    Plaintiff's high-risk pregnancy and related symptoms qualify as a handicap.

67.    At all times material, Defendant was aware of Plaintiff's handicap.

68.    At all times material, Plaintiff was qualified to perform the essential functions of her job.

69.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, forcing Plaintiff to work on Floor 400 and subsequently terminating Plaintiff's employment.

70.    Similarly situated employees who were not handicap were not forced to work on Floor 400, nor were they subsequently terminated.

71.    Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are handicap.

72.     Plaintiff was discriminated against because of her handicap, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

73.     As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

74.     Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of the Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A.  Declare that the acts complained of herein are in violation of the FCRA;

B.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

C.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

D.  Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E.  Award punitive damages, according to proof;

F.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

G. Grant such other and further relief, as the Court deems just and proper.

## COUNT V: VIOLATION OF THE FCRA – DISCRIMINATION BASED ON HANDICAP (FAILURE TO ACCOMODATE)

75.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

76.    Plaintiff's high-risk pregnancy and related symptoms qualify as a handicap.

77.    At all times material, Defendant was aware of Plaintiff's handicap.

78.    At all times material, Plaintiff was qualified to perform the essential functions of her job.

79.    Plaintiff engaged in a protected activity when she requested an accommodation from Defendant.

80.    The accommodation requested by Plaintiff was reasonable.

81.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by failing to accommodate Plaintiff.

82.    Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

83.    Plaintiff was not accommodated because of her handicap, in violation of the FCRA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

84.     As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

85.     Furthermore, as a direct and proximate result of the actions of Defendant's, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

86.     The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  Declare that the acts complained of herein are in violation of the FCRA;

b.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

c.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d.  Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e.  Award punitive damages, according to proof;

f.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

g.  Grant such other and further relief, as the Court deems just and proper.

## COUNT VI: VIOLATION OF THE FCRA – RETALIATION BASED ON HANDICAP

87.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

88.    Plaintiff's high-risk pregnancy and related symptoms qualify as a handicap.

89.    At all times material, Defendant was aware of Plaintiff's handicap.

90.    At all times material, Plaintiff was qualified to perform the essential functions of her job.

91.    Plaintiff engaged in a protected activity when she objected to being reassigned to Floor 400 and requested an accommodation.

92.    In response, Plaintiff was retaliated against for complaining to the Defendant.

93.    Defendant's discriminatory actions were motivated by an intent to retaliate against Plaintiff for her protected activity.

94.    Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited.

95.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

96.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  Declare that the acts complained of herein are in violation of the FCRA;

b.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

c.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d.  Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e.  Award punitive damages, according to proof;

f.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

g.  Grant such other and further relief, as the Court deems just and proper.

**COUNT VII: VIOLATION OF TITLE VII AND**
**THE PREGNANCY DISCRIMINATION ACT –**
**PREGNANCY DISCRIMINATION (DISPARATE TREATMENT)**

97.   Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

98.   At all times material, Defendant was aware of Plaintiff's pregnancy.

99.   At all times material, Plaintiff was qualified to perform the essential functions of her job.

100.   Defendant intentionally engaged in unlawful employment practices and discrimination in violation of Title VII and the Pregnancy Discrimination Act by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, forcing Plaintiff to work on Floor 400 and subsequently terminating Plaintiff's employment.

101.   Similarly situated employees who were not pregnant were not forced to work on Floor 400, nor were they terminated after their pregnancy.

102.   Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are handicap.

103.   Plaintiff was discriminated against because of her pregnancy, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

104.   As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

105.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of the Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.    Declare that the acts complained of herein are in violation of Title VII and the Pregnancy Discrimination Act;

b.    Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII and the Pregnancy Discrimination Act;

c.    Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d.    Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e.    Award punitive damages, according to proof;

f.    Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Title VII and the Pregnancy Discrimination Act; and

g.    Grant such other and further relief, as the Court deems just and proper.

## COUNT VIII: VIOLATION OF TITLE VII AND THE PREGNANCY DISCRIMINATION ACT – PREGNANCY RETALIATION

106.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

107.    At all times material, Defendant was aware of Plaintiff's pregnancy.

108.    At all times material, Plaintiff was qualified to perform the essential functions of her job.

109.    Plaintiff engaged in a protected activity when she objected to being reassigned to Floor 400 and requested an accommodation.

110.    In response, Plaintiff was retaliated against for objecting to being reassigned to Floor 400 and requesting an accommodation.

111.    Defendant's discriminatory actions were motivated by an intent to retaliate against Plaintiff for her protected activity.

112.    Defendant willfully violated Title VII and the Pregnancy Discrimination Act or acted with reckless disregard for whether its actions were prohibited.

113.    Plaintiff was discriminated against by Defendant because she requested an accommodation, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

114.    As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

115.    Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Declare that the acts complained of herein are in violation of Title VII and the Pregnancy Discrimination Act;

b. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII and the Pregnancy Discrimination Act;

c. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Award punitive damages, according to proof;

f. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Title VII and the Pregnancy Discrimination Act; and

g. Grant such other and further relief, as the Court deems just and proper.

**COUNT IX: VIOLATION OF THE FCRA – DISCRIMINATION BASED ON PREGNANCY (DISPARATE TREATMENT)**

116.    Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

117.    At all times material, Defendant was aware of Plaintiff's pregnancy.

118.    At all times material, Plaintiff was qualified to perform the essential functions of her job.

119.    Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the FCRA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, *inter alia*, forcing Plaintiff to work on Floor 400 and subsequently terminating Plaintiff's employment.

120.    Similarly situated employees who were not pregnant were not forced to work on Floor 400, nor were they terminated after their pregnancy.

121.    Defendant's discriminatory behavior was part of a custom, pattern and practice of unlawful discrimination of employees who are handicap.

122.    Plaintiff was discriminated against because of her pregnancy, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

123.    As a direct and proximate result of the actions of Defendant as set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, embarrassment, humiliation, emotional pain, and mental anguish.

124.    Furthermore, as a direct and proximate result of Defendant's actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form

of wages and of prospective benefits due to the Plaintiff solely because of the Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.  Declare that the acts complained of herein are in violation of the FCRA;

b.  Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

c.  Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d.  Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e.  Award punitive damages, according to proof;

f.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

g.  Grant such other and further relief, as the Court deems just and proper.

## COUNT X: VIOLATION OF THE FCRA – PREGNANCY RETALIATION

125.   Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

126.   At all times material, Defendant was aware of Plaintiff's pregnancy.

127.   At all times material, Plaintiff was qualified to perform the essential functions of her job.

128.   Plaintiff engaged in a protected activity when she objected to being reassigned to Floor 400 and requested an accommodation.

129.   In response, Plaintiff was retaliated against for objecting to being reassigned to Floor 400 and requesting an accommodation.

130.   Defendant's discriminatory actions were motivated by an intent to retaliate against Plaintiff for her protected activity.

131.   Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited.

132.   As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

133.   Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. Declare that the acts complained of herein are in violation of the FCRA;

b. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

c. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

d. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

e. Award punitive damages, according to proof;

f. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

g. Grant such other and further relief, as the Court deems just and proper.

### COUNT XI: VIOLATION OF THE FMLA – RETALIATION

134. Plaintiff repeats and re-alleges paragraphs 1-32 as if fully stated herein.

135. At all times material, Plaintiff's medical condition was considered a serious medical condition.

136. At all times material, Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

137. At all times material, Plaintiff gave proper notice to Defendant by informing it of her serious medical condition and need for leave.

138. Plaintiff provided enough information for Defendant to know that her leave, or potential leave, may be covered by the FMLA.

139. Defendant was aware that Plaintiff was unable to work due to her serious medical condition.

140. At all times material hereto, Plaintiff communicated with Defendant regarding her serious medical condition.

141.    Defendant had knowledge of Plaintiff's serious medical condition and the reason for Plaintiff's absence from work.

142.    Despite its knowledge of Plaintiff's high risk pregnancy, and need for leave to give birth and provide care for her newborn child, Defendant terminated Plaintiff.

143.    By terminating Plaintiff, Defendant retaliated against Plaintiff for exercising her right to take leave under the FMLA and denied her the benefits to which she was entitled.

144.    Defendant terminated Plaintiff because she requested and took FMLA leave as described above.

145.    As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Orlando Health as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Reinstatement;

c. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

d. Award Plaintiff liquidated damages;

e. Award Plaintiff prejudgment interest on her damages award;

f.   Award Plaintiff reasonable costs and attorney's fees;

g.   Award Plaintiff any further relief pursuant to the FMLA; and

h.   Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Dated: June 11, 2021.

Respectfully submitted,

By:___/s/Tanesha W. Blye
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
Aron Smukler, Esquire
Fla. Bar No.: 297779
Email: asmukler@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*